GORDON E. FERGUSON, Respondent, v. THE BANK FOR SAVINGS IN THE CITY OF NEW YORK, Appellant.— Judgment in favor of the plaintiff in an action to recover brokerage commissions unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Davis and Taylor, JJ.; Carswell, J., not voting.

EDWARD G. FISCHER, as Ancillary Administrator c. t. a. of the Estate of SARAH F. BARNES, Deceased, Appellant, v. GUARANTY TRUST COMPANY and ARTHUR B. LAWRENCE, as Temporary Administrators of the Estate of MAX LIPPMAN, Deceased, and Others, MANUFACTURERS TRUST COMPANY, as Executor and Trustee of the Last Will and Testament of NATHAN I. SACHS, Deceased, and LEA R. SACHS, Individually and as Executrix and Trustee of NATHAN I. SACHS, Deceased, Respondents, and Others, Defendants.— Plaintiff, the legal representative of a deceased stockholder of a corporation, in an action to recover damages for fraud and misrepresentation in the sale of certain shares of stock owned by the decedent, moved for the issuance of an open commission for the taking of testimony. The notice embraced fifteen interrogatories, numbered consecutively. The Special Term granted the motion as to ten of the interrogatories, numbering them differently in the order, however, and was silent as to the remaining five items. Plaintiff appeals from that part of the order which " denies and omits to grant " all of the specifications, and which imposes terms. This is not good practice. Obviously, there was no denial as to the five items concerning which the order is silent, and an appeal should not lie from an omission. The order is irregular in that it did not specifically deny the application as to items 4, 5, 9, 10 and 11 of the notice, and appellant erred in failing to have the order amended so that those items could be specifically denied. Order modified by allowing also the examination of P. L. Arrington as to items 5, 9, 10 and 11 of the notice by providing, in the event that P. L. Arrington shall be unable to answer all of the questions, that other officers and employees or former officers and employees disclosed by him as having knowledge of the facts be then and there produced and examined; that the items of payments for expenses and counsel fees contained in the third ordering paragraph be reduced as follows: Item (2) from ten dollars to five dollars per day; item (3) from fifteen dollars to eight dollars per day, and item (4) from fifty dollars to twenty-five dollars per day. As so modified, the order is affirmed, in so far as an appeal is taken therefrom, without costs; the commission to proceed on ten days' notice. In our opinion, all five items are proper subjects of examination, but item (4) has been answered by the witness in the interrogatories heretofore issued herein. This decision is without prejudice to the right of plaintiff to apply for the examination of other insufficiently identified witnesses. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.